### Moses C. Myers, Defendant in Error, v. Katherene May Andrews, Plaintiff in Error.

### Gen. No. 23,457.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed January 28, 1918.

### Statement of the Case.

Action by Moses C. Myers, plaintiff, against Katherene May Andrews, defendant, to recover under a certain contract, whereby plaintiff was to render certain services, for his expenses incurred in rendering such services. From a judgment for plaintiff for $4,502.45, defendant brings error.

The services to be rendered by plaintiff were in assisting defendant to recover on a certain claim under a so-called grubstake agreement made January 31, 1898, by defendant with her then husband, who died December 30, 1909, whereby in consideration of $400 paid him by her to make a trip to Alaska he agreed, among other things, that she should have 50 per cent. of whatever riches he should possess on his return. The contract between plaintiff and defendant was evidenced by three agreements, prepared at the instance of plaintiff's attorney, each reciting the grubstake agreement, and the first reciting an assignment to plaintiff by defendant of a one-half interest in such agreement and "in and to said claim, and in and to all moneys, properties and securities to be recovered," a consideration of $10 paid by plaintiff to defendant, and further consideration in plaintiff's agreement to use his best efforts to realize upon the claim of defendant, by litigation or compromise, "but all the costs and expenses which the said Moses C. Myers shall incur in and about so doing shall be paid by the

said Katherene May Elliott. If, however, any sum of money shall be realized as the result of the enforcement of the above-mentioned claim, then one-half of the expenses thereof shall be taken out of the one-half of the proceeds of enforcement coming to said Moses C. Myers, by virtue of his ownership of an undivided one-half interest therein''; also reciting the delivery to plaintiff of a power of attorney from defendant authorizing him to represent her. The second agreement also appointed plaintiff attorney in fact for defendant in usual form. The third also assigned and transferred to plaintiff an undivided one-half of the claim of defendant and of any real or personal property recoverable thereunder, with authority to plaintiff ''his executors, administrators and assigns * * *, for his or their own use and benefit, but at his or their own cost, to take all legal measures which may be proper or necessary for the complete recovery of said assigned claim.'' These three agreements were dated the same and each recited a consideration of $10, but only one $10 was paid.

HAIGHT, BROWN, HAIGHT & HARRIS, for plaintiff in error.

PAM & HURD, for defendant in error; BURRELL J. CRAMER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 12*—*when contract does not lack mutuality.* A contract does not necessarily lack mutuality because it may be one-sided and unfair to one of the parties, where the other party gave a monetary consideration and undertook to give also his services.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. Evidence, § 351*—*when parol evidence is admissible to explain contract.* Where a certain contract contained contrary provisions as to payment of certain expenses of an undertaking, *held* that parol testimony was admissible to clear up the question, in an action to recover such expenses.

3. Contracts, § 390*—*when question of performance is for jury.* The question of how far plaintiff performed his contract to give his best efforts in an undertaking whereby he was to recover on an assigned claim of defendant under a grubstake agreement of defendant with her husband, whereby she was to have one-half of the husband's riches on his return, *held* to be for the jury.

4. Contracts, § 393*—*when instruction as to performance is erroneous.* In an action on a contract whereby plaintiff was, for a certain consideration, to assist defendant in recovering on a grubstake agreement between her and her husband, under which she was to have one-half of the husband's riches on his return from the mining regions, an instruction that "best efforts and endeavors in good faith" mean that a man would do in his own case, *held* to be erroneous, as not necessarily true.